

FILED
MAR - 3 2022
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 21-CR-745-EGS** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| **KRISTINA ANN BALLARD,** | : | |
| | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| **Defendant.** | : | **28 U.S.C. § 2461(c)** |

### STATEMENT OF OFFENSE

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in the above-captioned case.

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said.

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following facts.

1. Kristina Ann Ballard resided in Virginia.

2. The Victim Organization was a nonprofit organization located in Washington, D.C.

3. Ballard worked at the Victim Organization from August 2014 through December 2020, at which point she was fired for poor performance. She served as the organization's Director of Finance and reported directly to the organization's Executive Director. Ballard was in charge of a range of functions, including all of the financial processes, including accounting. At the time that she was fired, Ballard's annual salary was $106,000.

4. From in or about January 2015 through in or about December 2020, Ballard devised a scheme to defraud the Victim Organization out of money by means of materially false and fraudulent pretenses, representations, and promises. Specifically, she used her position to embezzle $271,465.86 from the organization.

5. Ballard embezzled funds by fraudulently initiating wire transfers of the organization's funds to bank accounts that she controlled, by intercepting credit card rewards checks issued to the Victim Organization and depositing those checks into a bank account controlled by her, and by fraudulently using a Victim Organization credit card to make unauthorized personal purchases.

6. On or about January 30, 2015, Ballard initiated her first fraudulent wire transfer of Victim Organization funds to an account that she controlled. The wire transfer was in the amount of $4,200. Ballard initiated more than 110 additional wire transfers through October 2020. She listed a variety of beneficiary names on the transfers, but all the transfers went to one of two bank accounts that she controlled.  The Victim Organization indicated that Ballard created fake invoices associated with fraudulent wire transfers, often using fake company names. In total, Ballard embezzled $203,868.90 through fraudulent wire transfers that she initiated between January 2015 and October 2020.

7. Between May 2017 and December 2020, Ballard embezzled an additional $12,507.05 of Victim-Organization funds by intercepting credit card rewards checks issued to the Executive Director on behalf of the Victim Organization and depositing those checks into a bank account that she controlled. Her fraudulent conduct included forging the Executive Director's signature on checks before depositing them.

8. Between June 2016 and November 2020, Ballard fraudulently used a Victim Organization credit card on at least 65 occasions to pay for a total of at least $55,089.91 worth of personal purchases. Ballard misappropriated the organization's credit card to pay for, among other things, hotel expenses, clothes, meals at restaurants, veterinarian care, and Washington Nationals tickets.

    a. For example, on or about November 5, 2020, Ballard used the credit card to pay $24,694.27 in restitution that she owed to the Arlington County Circuit Court for a prior embezzlement scheme for which she was convicted.

    b. Additionally, on or about November 20, 2017, Ballard used the organization's credit card to pay for $1,330 worth of goods and services at an optical store in Washington, D.C. Information for that credit card transaction was transmitted electronically from the credit card terminal in Washington, D.C., to Decatur, Georgia, where the bank processed the request for approval.

9. Ballard did not have authority to issue wire transfers from the Victim Organization to accounts controlled by her, to intercept credit card rewards checks issued to the Victim Organization's executive director on the organization's behalf, or to charge personal expenses on an organization credit card, including the November 2017 optical store purchase in Washington, D.C.

10. The proceeds from Ballard's wire fraud scheme that she obtained have been dissipated by her and cannot be located upon the exercise of due diligence; have been transferred

or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

By:   /s/ Kondi J. Kleinman
                Kondi J. Kleinman
                Assistant United States Attorney
                Fraud Section
                California Bar No. 241277
                555 4th Street, NW, Rm. 5245
                Washington, D.C. 20530
                (202) 252-6887
                kondi.kleinman2@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime that is charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 1-24-2022

KRISTINA ANN BALLARD
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of Offense as true and accurate.

Date: 1/26/2022

PETER COOPER, Esq.
Counsel for Kristina Ann Ballard